IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEREK KAMP**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1543-L** |
| | § | |
| **ORTHO-MCNEIL-JANSSEN** | § | |
| **PHARMACEUTICAL, INC.;** | § | |
| **JOHNSON & JOHNSON; AND** | § | |
| **JOHNSON & JOHNSON** | § | |
| **PHARMACEUTICAL RESEARCH &** | § | |
| **DEVELOPMENT, LLC,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants Ortho-McNeil Janssen Pharmaceutical, Inc., Johnson & Johnson, and Johnson & Johnson Research and Development, LLC's Motion for Summary Judgment (Doc. 20), filed December 23, 2015. After carefully considering the motion, response, reply, briefs, evidence, record, and applicable law, the court **grants** Defendants Ortho-McNeil Janssen Pharmaceutical, Inc., Johnson & Johnson, and Johnson & Johnson Research and Development, LLC's Motion for Summary Judgment (Doc. 20) and **dismisses with prejudice** this action.

I.    **Factual and Procedural Background**

This product liability action was originally filed by Plaintiff Derek R. Kamp ("Plaintiff" or "Kamp") on July 8, 2010, in the 13th Judicial District Court, Navarro County, Texas, against Defendants Ortho-McNeil Janssen Pharmaceutical, Inc.; Johnson & Johnson; and Johnson & Johnson Research and Development, LLC. In Plaintiff's Original Petition, the live pleading, Kamp

**Memorandum Opinion and Order – Page 1**

asserts causes of action for negligence, strict liability, breach of warranty, misrepresentation, and fraud. Plaintiff's claims pertain to the prescription drug Levaquin™ (levofloxacin), which, according to Plaintiff's pleadings, "Defendants tested, studied, researched, designed, formulated, manufactured, inspected, labeled, packaged, promoted, advertised, marketed, distributed and sold" in Texas. Pl.'s Orig. Pet. ¶ 5. Plaintiff alleges that he was prescribed and used Levaquin™ for sinus infections and, as a result, suffered serious and permanent injuries in the form of tendonitis that required two tendon replacement surgeries. Plaintiff alleges that Defendants failed to adequately test and warn of the drug's risks, designed and marketed the drug in a defective manner, misrepresented to Plaintiff and the health care industry the safety and effectiveness of the drug or concealed material information in this regard, and breached the warranty of merchantability by placing the unreasonably dangerous drug into the stream of commerce.

On August 9, 2010, the action was removed to federal court based on diversity jurisdiction. Shortly thereafter, the case was stayed and transferred to Multidistrict Litigation Panel No. 1943 ("MDL No. 1943). After Kamp rejected a global settlement offer that was made in MDL No. 1943, the case was remanded to this court on December 9, 2014, and reopened for further proceedings. On December 23, 2015, Defendants moved for summary judgment on all of Kamp's claims.

On January 12, 2016, Plaintiff moved to extend his January 13, 2016 deadline to respond to Defendants' summary judgment motion on the grounds that he needed more time to conduct discovery and retain experts. The court determined that Plaintiff was not entitled to a continuance of his summary judgment response deadline under Rule 56(d) or Rule 6(b)(A)(1) to conduct additional discovery or retain experts. The court, therefore, denied Plaintiff's Motion for Continuance in Responding to Defendant's Motion for Summary Judgment (Doc. 23) ("Motion to

Continue") to conduct further discovery or retain experts before responding to Defendants' summary judgment motion. Although the court denied Plaintiff's Motion for Continuance to the extent he sought a continuance of his summary judgment response deadline to conduct further discovery and retain experts, the court extended Plaintiff's summary judgment response deadline to January 25, 2016, to file whatever response he wished to Defendants' summary judgment motion. Briefing on the summary judgment motion was complete on January 29, 2016.

## II. Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden

of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   Analysis

Defendants assert that they are entitled to judgment on all of Plaintiff's claims. Defendants contend that, to prevail on any of his claims under Texas law, Plaintiff must prove that a defect in his prescribed medication was a producing cause of the injuries for which he seeks damages for any and all of his claims against Defendants. Defendants assert that Plaintiff cannot establish by expert testimony or otherwise that a defect in his prescription medication was a producing cause of his injuries. In other words, Defendants contend that Plaintiff cannot establish medical causation. In addition, Defendants contend that, "if there are other plausible causes of the injury or condition that could be negated, the plaintiff *must* offer evidence excluding those causes with reasonable certainty." Defs.' Mot. 8. (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 720 (Tex. 1997)) (emphasis added by Defendants). Defendants contend that, because Plaintiff has not retained or designated any experts in this case, he will not be able to offer any evidence that his prescription medication caused his alleged injuries, let alone any evidence excluding other plausible causes of his alleged injury.

As Defendants correctly note in their motion, causation is an element of all of Plaintiff's claims. *See Horak v. Pullman, Inc.*, 764 F.2d 1092, 1095 (5th Cir. 1985) (concluding that Texas law requires proof of causation for product liability claims based on negligent and strict liability theories); *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 667 (Tex. 1999) ("Liability for breach of warranty requires a showing of proximate cause."); *Hartford Fire Ins. Co. v. C. Springs 300, Ltd.*, 287 S.W.3d 771, 781 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (concluding that causation is a necessary element of fraud); *Wise v. SR Dallas, LLC*, 436 S.W.3d 402, 409 (Tex. App.—Dallas 2014, no pet.) (explaining that fraud by affirmative misrepresentation

or nondisclosure requires that an injury was caused by the affirmative misrepresentation or nondisclosure).

"Ordinarily, expert testimony is needed to satisfy the reasonable medical probability standard for establishing a causal link." *Anderson v. Siemens Corp.*, 335 F.3d 466, 474 (5th Cir. 2003). Under Texas law, "[l]ay testimony is adequate to prove causation in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984). On the other hand, "when the causal link is beyond the jury's common understanding, expert testimony is necessary." *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 119-120 (Tex. 2004). Lay testimony has been held to be adequate in cases in which the plaintiff has immediate subjective awareness of his or her injury "at or about the time of the causative event and in which the causal relationship was obvious or could be inferred." *Kallassy v. Cirrus Design Corp.*, 2006 WL 1489248, at *5 (N.D. Tex. May 30, 2006) (discussing Fifth Circuit survey of Texas cases involving lay and expert testimony to prove medical causation), *aff'd*, 265 F. App'x 165, 2008 WL 341581 (5th Cir. 2008). Thus, for example, lay testimony has been held adequate to prove causation of neck injuries suffered in a car wreck. *Id.*

"In cases involving other types of injuries, [however,] Texas courts have refused to find lay testimony sufficient to prove causation." *Id.* (quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004)). Injuries that fall into this category are those that are of a nature that would require a determination regarding causation in areas outside of a jury's common experience. *Id.* at 885. Thus, for example, Texas courts have held that expert medical testimony is required to establish causation in cases involving frostbite, fibromyalgia, and bronchiolitis obliterans

organizing pneumonia. *Id.* (citing cases). "Texas courts have also held that highly technical matters of design and engineering require scientific, technical, and/or specialized knowledge." *Kallassy*, 2006 WL 1489248, at *3 (citing *Rangel v. Lapin*, 177 S.W.3d 17, 22 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)).

Plaintiff alleges, among other things, that Defendants designed Levaquin in a defective manner. Plaintiff also alleges that he suffered serious and permanent injuries in the form of tendonitis that required two tendon replacement surgeries. According to his pleadings, Plaintiff began taking Levaquin in August 2006 but did not experience any tendonitis issues for the first time until several months later in February 2007. Because of the complex nature of Plaintiff's alleged injury and his lack of immediate subjective awareness of the injury "at or about the time of the causative event and in which the causal relationship was obvious or could be inferred," the court concludes that expert testimony is required to satisfy Plaintiff's summary judgment burden as to causation. *Kallassy*, 2006 WL 1489248, at *5-6.

In response to Defendants' summary judgment motion, Plaintiff provides no competent evidence that Defendants' conduct caused his injuries. Plaintiff does not dispute that expert testimony rather than lay testimony is required. He instead contends that the lack of evidence of causation is attributable to "Defendants' failure to produce evidence relevant to this litigation even after Plaintiff's Counsel has requested such evidence be produced." Pl.'s Resp. ¶ 2. Plaintiff further asserts that, "[n]otwithstanding Defendants' [alleged] refusal to turn over discovery documents, sufficient evidence exists outside of the MDL case to prove causation in this case [because] Levaquin has a long and well documented history of causing tendon issues in patients who ingest the drug." *Id*. ¶¶ 2-3. In this regard, Plaintiff contends: "This case was previously part of an MDL,

where expert witnesses testified to Levaquin causing tendon issues in the MDL Plaintiffs' cases." *Id*. ¶ 2. Plaintiff's response goes on to reference a number of studies and reports.

Defendants reply that Plaintiff has failed to raise a genuine issue of material fact regarding causation because:

> The majority of Plaintiff's Response consists of approximately 91 paragraphs which appear to have been copied and pasted from a long-form complaint filed by another plaintiff in MDL No. 1943, *In re Levaquin Prods. Liab. Litig.*, in the United States District Court, District of Minnesota. *See* Complaint and Demand for Jury Trial, July 5, 2011, attached as Exhibit "A," (¶¶ 16-107). These allegations—which fail to include any citations or references to specific documents, studies, or expert reports—are grossly insufficient to defeat Defendants' Motion for Summary Judgment. And while the allegations copied by Plaintiff from the long-form complaint include a discussion of evidence that Plaintiffs' counsel sought to introduce in the Levaquin MDL, the Response fails to identify—much less attach—a single piece of evidence in support of Plaintiff's pending action. Without any evidence whatsoever to support his claims against Defendants, Plaintiff cannot survive summary judgment in this matter.

Defs.' Reply 1-2. Defendants also dispute Kamp's contention that they failed to produce discovery requested by him. Defendants contend that Kamp has not conducted any discovery and cannot point to any correspondence in which he requested discovery from Defendants.

The court first notes that Kamp's contention regarding discovery was not previously raised in his Motion to Continue, and there is no evidence to support his assertion that he requested discovery regarding causation or that Defendants refused to produce requested discovery. Moreover, Plaintiff did not move to compel production of the discovery allegedly requested from Defendants, and he has not otherwise shown that he acted diligently in seeking discovery in this case. Plaintiff has also provided no explanation for his failure to timely retain and designate experts. As a result, Plaintiff's discovery argument does not relieve him of his burden of coming forward with evidence to raise a genuine dispute of material fact in response to Defendants' summary judgment motion.

**Memorandum Opinion and Order – Page 8**

The court also agrees with Defendants that Plaintiff's reference to various studies and reports is insufficient to satisfy his burden of coming forward with competent summary judgment evidence to raise a genuine dispute of material fact as to whether there is a causal connection between Plaintiff's use of Levaquin and his alleged injuries. Plaintiff has not provided the court with copies of any of the studies upon which he relies. Further, evidence of "epidemiological studies can be used 'to raise a fact issue on causation' only if three conditions are met: (1) the studies are scientifically reliable and show a 'substantially elevated risk,' (2) the claimant is 'similar to those in the studies,' and (3) 'if there are other plausible causes of the injury or condition that could be negated, the plaintiff must offer evidence excluding those causes with reasonable certainty.'" *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 193 (5th Cir. 2011) (quoting *Havner*, 953 S.W.2d at 720) (emphasis added by *Cotroneo* court).

Kamp has presented no evidence or authority to establish the first of these two requirements and cannot satisfy these requirements or raise a genuine dispute of material fact as to medical causation without expert testimony.* Accordingly, his evidence of epidemiological studies is insufficient to raise a genuine dispute of material fact as to medical causation. Plaintiff has also failed to come forward with any evidence, expert or otherwise, that Defendants' alleged misrepresentations or concealment of information regarding the dangers of Levaquin was the producing cause of his injuries. *See Centocor, Inc. v. Hamilton*, 372 S.W.3d 140, 169 (Tex. 2012) (reversing in part the judgment in favor of a patient because the plaintiffs presented no evidence that

---

* Although Defendants argue that Plaintiff cannot satisfy the third requirement, there is no evidence in the summary judgment record of other plausible causes of Plaintiff's alleged injury or condition. As a result, there is nothing at this time for Plaintiff to negate. *See Havner*, 953 S.W.2d at 720 (explaining that "*if* there are other plausible causes of the injury or condition that could be negated, the plaintiff must offer evidence excluding those causes with reasonable certainty.") (emphasis added).

**Memorandum Opinion and Order – Page 9**

an allegedly inadequate warning was the producing cause of the patient's injuries or that a different warning would have affected the decision of a reasonable doctor to prescribe the drug Remicade for the patient's condition). Because Kamp has failed to raise a genuine dispute of material fact as to causation, Defendants are entitled to judgment as a matter of law on his claims, all of which require evidence of causation.

## IV.  Conclusion

For the reasons stated, the court concludes that no genuine dispute of material fact exist as to causation for any of Plaintiff's claims, and Defendants Ortho-McNeil Janssen Pharmaceutical, Inc.; Johnson & Johnson; and Johnson & Johnson Research and Development, LLC are entitled to judgment as a matter of law.  Accordingly, the court **grants** Defendants Ortho-McNeil Janssen Pharmaceutical, Inc., Johnson & Johnson, and Johnson & Johnson Research and Development, LLC's Motion for Summary Judgment (Doc. 20) and **dismisses with prejudice** Plaintiff's claims for negligent and strict liability, breach of warranty, misrepresentation, and fraud.  The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate document.

**It is so ordered** this 16th day of June, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

an allegedly inadequate warning was the producing cause of the patient's injuries or that a different warning would have affected the decision of a reasonable doctor to prescribe the drug Remicade for the patient's condition). Because Kamp has failed to raise a genuine dispute of material fact as to causation, Defendants are entitled to judgment as a matter of law on his claims, all of which require evidence of causation.

## IV.  Conclusion

For the reasons stated, the court concludes that no genuine dispute of material fact exist as to causation for any of Plaintiff's claims, and Defendants Ortho-McNeil Janssen Pharmaceutical, Inc.; Johnson & Johnson; and Johnson & Johnson Research and Development, LLC are entitled to judgment as a matter of law.  Accordingly, the court **grants** Defendants Ortho-McNeil Janssen Pharmaceutical, Inc., Johnson & Johnson, and Johnson & Johnson Research and Development, LLC's Motion for Summary Judgment (Doc. 20) and **dismisses with prejudice** Plaintiff's claims for negligent and strict liability, breach of warranty, misrepresentation, and fraud.  The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate document.

**It is so ordered** this 16th day of June, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge